IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TALMON HEGWOOD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09 C 7344 |
| | ) | |
| CITY OF BERWYN, JOSEPH | ) | Judge Kendall |
| PETERSON, K-MART DEPARTMENT | ) | |
| STORE, ROBERT HARTZ, and PAOLA | ) | Magistrate Judge Cole |
| RAIMONDI, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

**FIRST AMENDED COMPLAINT**

NOW COMES the plaintiff, TALMON HEGWOOD, JR., through appointed counsel, Jared S. Kosoglad and John O'Brien, and complaining of the defendants City of Berwyn, Joseph Peterson, K-Mart Department Store, Robert Hartz, and Paola Raimondi, states as follows:

**INTRODUCTION**

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

**PARTIES**

3. Plaintiff is n African-American adult citizen of the United States of America, who currently is incarcerated by the Illinois Department of Corrections at their

East Moline facility.

  4. Defendants Joseph Peterson and Paola Raimondi, were, at the time of this occurrence, duly licensed Berwyn Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

  5. Defendant City of Berwyn, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

  6. Defendant Robert Hartz, is or was a manager and or employee of K-Mart and at the time of this occurrence at all times relevant acted within the scope and course of his employment.

  7. Defendant K-Mart Department Store is a retail establishment authorized to conduct business in Illinois. K-Mart is or was the employer and principal of the Defendant Hartz.

## FACTS

  8. On October 19, 2008, Plaintiff was at a McDonald's restaurant in Cook County, IL.

  9. Plaintiff telephoned the Berwyn Police Department about criminal activity.

  10. Defendant Peterson, who responded to Plaintiff's call for help, arrested Plaintiff without probable cause or any other legal justification.

  11. Plaintiff did not engage in any crime on October 19, 2008.

  12. At the police station on October 19, 2008, defendant Raimondi knowingly and intentionally provided Plaintiff contaminated food that caused Plaintiff to suffer severe illness.

  13. At the courthouse in October and November of 2009, Defendant Hartz

conspired and agreed with Defendant Peterson to provide false and misleading information to the Cook County State's Attorney prosecutors about Plaintiff's case.

14. Defendants Peterson and Hartz, conspired and agreed amongst themselves to illegally arrest, search and imprison Plaintiff based upon fraudulent charges. In furtherance of this conspiracy, Defendant Peterson filled out and filed false and incomplete police reports relative to the arrest, search and imprisonment of Plaintiff and both defendants provided false information to the Cook County State's Attorneys.

15. The deprivation of Plaintiffs constitutional rights were motivated by race. The defendants used racial slurs and otherwise humiliated Plaintiff on account of his race.

16. The criminal charges against Plaintiff were dismissed by nolle prosequi, indicative of Plaintiff's innocence.

17. As a direct and proximate result of the malicious actions of the defendants, Plaintiff was injured, including loss of freedom, humiliation, the deprivation of his constitutional rights and dignity, lost time, lost property, lost wages, extreme emotional distress, psychological injuries, loss of relationships, panic and anxiety attacks, and extreme emotional distress.

## Count I

### Section 1983 Fourth Amendment Violations —Illegal Search and Seizures
### Against Defendant Peterson

18. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

19. The searches and seizures of Plaintiff, performed willfully and wantonly by the Defendants, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's rights to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

20. As a proximate result of the above-detailed actions of Defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the

violations proximately caused the plaintiff mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

21. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Berwyn Police Department in the manner described more fully throughout this Complaint and was tacitly ratified by policy-makers for the City of Berwyn with final policymaking authority.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### Count II

**42 U.S.C. Section 1983 & 1985 – Conspiracy to Deprive Constitutional Rights
Against Defendants Peterson & Hartz**

18. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

19. As described more fully above, the Defendants reached an agreement amongst themselves to unlawfully search and seize Plaintiff, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

20. In this manner, Defendants Peterson and Hartz, acting in concert with other unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

21. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

22. The defendants named herein committed the violations against Mr. Hegwood on

the basis of his race and thereby deprived Plaintiff of equal protection of the laws.

23. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, severe emotional distress and anguish, an invasion of his privacy, and a deprivation of his liberty, as is more fully alleged above.

24. The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to the rights of plaintiff and others.

25. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Berwyn Police Department in the manner described more fully throughout this Complaint and was tacitly ratified by policy-makers for the City of Berwyn with final policymaking authority.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and 1985, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### Count III

**42 U.S.C. Section 1983 - False Imprisonment**
**Against Defendant Peterson**

18. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

19. The actions of the individual defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probably cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

20. As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, loss of his liberty, emotional and psychological injuries, fear, exposure to public scandal and disgrace, and the loss of his constitutional rights and his dignity.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### Count IV
### State Law Intentional Infliction of Emotional Distress
### Against Defendant Raimondi

18. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

19. The actions of the individual defendant, described above, whereby defendant was aware of but deliberately ignored and/or caused Plaintiff to suffer from severe illness and caused Plaintiff to incur a substantial risk of serious injury, constituted deliberate indifference to Plaintiff's serious medical need, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

20. As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, emotional and psychological injuries, fear, and the loss of his constitutional rights and his dignity.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**Count V**

**745 ILCS 10/9-102 – Indemnification**
**Against Defendant City of Berwyn**

18.    Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

19.    Defendant City of Berwyn is the employer of Defendants Petersen and Raimondi.

20.    Defendants Petersen and Raimondi committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Berwyn.

WHEREFORE, should Defendants Petersen or Raimondi be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Berwyn be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

**Count VI**
**Respondeat Superior**
**Against Defendant K-Mart**

18.    Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

19.    Defendant K-Mart is or was the employer of Defendant Hartz.

20.    Defendant Hartz committed the acts alleged above in the scope of their employment as employees of the City of Berwyn.

WHEREFORE, should Defendants Hartz be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant K-Mart be found liable for any judgment plaintiff obtains against said defendant, as well as attorneys fees and costs awarded.

**Count VII - State Law False Arrest**
**Against Defendants Petersen & Hartz**

18.    Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

19. By the actions detailed above, and by participating in the above described conspiracy, the Defendants knowingly sought to and did in fact arrest Mr. Hegwood on false charges for which they knew there was no probable cause.

20. The City of Berwyn and Defendant K-Mart are sued in this count pursuant to the doctrine of respondeat superior, in that defendants performed the actions complained of while on duty and in the employ of defendants Berwyn or K-Mart, and while acting within the scope of that employment.

21. As a direct and proximate result of the false arrest, Mr. Hegwood was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, pain and anguish.

WHEREFORE, Plaintiff demands judgment against the City of Berwyn, K-Mart and the individual defendants, jointly and severally, for compensatory damages, and further demands judgment against the individual defendants, jointly and severally, for punitive damages, and further demands attorneys' fees and the costs of this action, and for such other relief as this court deems just proper and equitable.

### Count VIII
### State Law Malicious Prosecution
### Against Defendants Petersen & Hartz

18. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

19. By the actions detailed above, and by participating in the above described conspiracy, the individual Defendants knowingly sought to and did in fact maliciously prosecute Mr. Hegwood on false charges for which they knew there was no probable cause.

20. The City and K-Mart are sued in this count pursuant to the doctrine of respondeat

8

superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendants, and while acting within the scope of their employment.

21. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, attorneys' fees, lost work, exposure to public scandal and disgrace, damage to their reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, Plaintiff demands judgment against the City of Berwyn, K-Mart, and the individual defendants, jointly and severally, for compensatory damages, and further demands judgment against the individual defendants, jointly and severally, for punitive damages, and further demands attorneys' fees and the costs of this action, and for such other relief as this court deems just proper and equitable.

### Count IX
### State Law Intentional Infliction of Emotional Distress
### Against Defendants Petersen & Hartz

18. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

19. The above detailed conduct by the Defendants was extreme and outrageous exceeding all bounds of human decency.

20. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the Plaintiff or with knowledge of the high probability that the conduct would cause such distress.

21. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body and nervous system, including loss of

9

sleep, mental anguish, nightmares, anxiety attacks, fear and flashbacks.

22. The City is sued in this count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against the City of Berwyn, K-Mart, and the individual defendants, jointly and severally, for compensatory damages, and further demands judgment against the individual defendants, jointly and severally, for punitive damages, and further demands attorneys' fees and the costs of this action, and for such other relief as this court deems just proper and equitable.

### Count X
### State Law Battery
### Against Defendant Raimondi

18. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

19. The above detailed conduct by Defendant Raimondi, whereby Defendant Raimondi intentionally caused offensive and harmful physical contact with Plaintiff, constituted battery.

20. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe physical injury.

22. The City or Berwyn is sued in this count pursuant to the doctrine of respondeat superior, in that defendant officer performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against the City of Berwyn and the individual defendant Raimondi, jointly and severally, for compensatory damages, and further

demands judgment against the individual defendants, jointly and severally, for punitive damages, and further demands attorneys' fees and the costs of this action, and for such other relief as this court deems just proper and equitable.

                                    Respectfully submitted,

                                    TALMON HEGWOOD, Jr.

                                  By:

                                _____/s_____Jared S. Kosoglad_____
                                        One of Plaintiff's Attorneys

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Jared S. Kosoglad
451 W. Huron # 1410
Chicago, IL 60654
312-513-6000

11

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he sent a true and correct copy of the First Amended Complaint to the attorneys listed below via the Court's electronic filing system on July 14, 2010.

Andrew Acker | Michael Durkin
Storino, Ramello & Durkin
9501 W. Devon Avenue
Suite 800
Rosemont, IL 60018
847-318-9500

Anna-Katrina Christakis | Raechelle Norman | Jennifer Sarhaddi
Grady, Pilgrim, Christakis & Bell LLP
53 W. Jackson Blvd.
Suite 1515
Chicago, IL 60604
312-939-0920