# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7344 | **DATE** | 3/21/2011 |
| **CASE TITLE** | HEGWOOD, JR. vs. CITY OF BERWYN | | |

**DOCKET ENTRY TEXT**

For these reasons, the Court denies Hegwood's Motion to Proceed *In Forma Pauperis* [103] and Motion to Appoint Counsel [104]. Hegwood must submit his response brief by April 15, 2011.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff Talmon Hegwood ("Hegwood") filed a civil rights suit against the City of Berwyn, Berwyn police officers Joseph Peterson ("Peterson") and Paola Raimondi ("Raimondi"), K-Mart Department Store, and Robert Hartz, manager of K-Mart. This Court previously dismissed Hegwood's claims against K-Mart and Hartz. On February 15, 2011, the remaining defendants—City of Berwyn, Peterson, and Raimondi—filed a motion for summary judgment. Hegwood's response is due by April 15, 2011, and the defendants' reply by April 29, 2011.

First, Hegwood moves to proceed *in forma pauperis* without the full prepayment of filing fees. Under 28 U.S.C. § 1915(a), the Court may authorize Hegwood to proceed *in forma pauperis* if he is unable to pay the mandated court fees. *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Here, the City of Berwyn, Peterson, and Raimondi paid the $350 filing fee when they removed the case to this Court on November 23, 2009. Hegwood never had to pay the filing fee and now, in the middle of summary judgment briefing, he is not responsible for paying any court fees to further litigate his case. The Court therefore denies his Motion to Proceed *In Forma Pauperis*.

Second, Hegwood seeks appointment of counsel under 28 U.S.C. § 1915(e)(1). Civil litigants in federal court do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). Whether to appoint counsel for a civil litigant is a matter left to the district court's discretion. *See Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). Initially, the Court considers whether Hegwood has made attempts to secure counsel himself. Hegwood's extensive filing contains numerous letters from attorneys and legal aid clinics, all declining Hegwood's requests to represent him. He therefore meets this threshold consideration.

Next, the Court examines "the difficulty of the plaintiff's claims and the plaintiff's competence to

| STATEMENT |
|---|

litigate those claims [him]self." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Hegwood has ample experience litigating matters in this Court. He has already represented himself for the majority of his case, and the Court has witnessed first-hand through his filed motions and participation over the phone on multiple status hearings his ability to sufficiently litigate his own claims. Moreover, Section 1983 and state law claims of intentional infliction of emotional distress, indemnification, false arrest, malicious prosecution, and battery remain in the case. Hegwood is extremely familiar with the facts of the case, which are based on his own experiences, and the legal principles involved are not overly complex. *See Jenkins v. Lane*, 977 F.2d 266, 270 (7th Cir. 1992) (denying request to appoint counsel in Section 1983 access to courts claim because "Section 1983 cases are procedurally simply" and the case law involved was "relatively straightforward"); *Tucker v. Randall*, 948 F.2d 388, 391-92 (7th Cir. 1991) (counsel appointed because, unlike here, the case involved detailed and conflicting medical evidence, plaintiff's pleadings were "inartful" and he was unable to adhere to the briefing schedule, and complex constitutional issues under the First, Sixth, Eighth and Fourteenth Amendments were involved). As such, the Court also denies Hegwood's Motion to Appoint Counsel.