# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 7344 | **DATE** | 12/2/2011 |
| **CASE TITLE** | Hegwood Jr. Vs. City of Berwyn et al | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, Hegwood's motion to alter or amend the judgment (Doc. 144) is denied and his motion to proceed IFP on appeal (Doc. 147) is granted. .

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Talmon Hegwood, proceeding *pro se*, sued the City of Berwyn, two of its police officers, K-Mart Corporation, and a K-Mart security guard after he was arrested on an outstanding warrant and found with a number of items stolen from K-Mart. The Court dismissed the K-Mart defendants because Hegwood failed to sufficiently allege a claim against them. (Doc. 95.) On September 2, 2011, the Court entered summary judgment for the Berwyn defendants on Hegwood's federal claims, finding the police had probable cause to arrest Hegwood, and dismissed his state claims without prejudice. (Doc. 141.) Now Hegwood has moved to alter or amend the judgment (Doc. 144), or, in the alternative, for leave to proceed *in forma pauperis* (IFP) on appeal. (Doc. 147.) For the below reasons, Hegwood's motion to alter or amend the judgment is denied, and his motion to proceed IFP on appeal is granted.

**I.    RULE 59(e) STANDARD**

A motion to alter or amend the judgment pursuant to Rule 59(e) allows the movant to bring to the Court's attention manifest errors of law or fact or newly discovered evidence. *See United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A Rule 59(e) motion is not a "vehicle for a party to undo its own procedural failures, and it certainly does not allow a party introduce new evidence or advance arguments that could have and should have been presented to the district court prior to the judgment." *Id.*

**II.    DISCUSSION**

**A.    Rule 59(e) Motion**

Hegwood offers the following bases for the Court to amend its judgment in favor of the defendants:

| STATEMENT |
|---|

1. Berwyn and K-Mart committed a "fraud on the court" when they represented to the Court in their removal notice that the only pleading that had been filed in state court was Hegwood's complaint, when in fact he had filed various discovery requests in the state court;

2. The arrest warrant that the defendants put forward on summary judgment was a fake;

3. The case should not have been removed from Cook County, given that the Court only ruled on Hegwood's federal claims and dismissed without prejudice his state law claims.

The Court addresses the first and third bases together, and then the second basis.[1]

As to the issue with the removal notice, Hegwood's discovery requests were not "pleadings" and consequently the City's removal notice was not inaccurate. Even if the requests are considered pleadings, the City's mistake would not have changed anything; Hegwood's complaint, on its face, alleged a violation of his federal constitutional rights under 42 U.S.C. § 1983. (*See* Doc. 1-2.) In any event, the purpose of such a representation is to ensure that defendants do not remove on the basis of older, superceded complaints when the operative complaint has no basis for federal subject matter jurisdiction. In other words, Hegwood does not assert that the state court file had any papers in it that would have provided a basis to defeat removal.

Further, removal was proper here. *See* 28 U.S.C. § 1331 (giving original jurisdiction of all civil actions arising from the Constitution to federal district courts); 28 U.S.C. § 1441 (permitting removal of actions arising under the Constitution to federal district courts). Moreover, as the Court noted in the Court's September 2 order, the Court has discretion whether to hear a plaintiff's state law claims once his federal claims is dismissed, and the practice in the Seventh Circuit is to dismiss those claims without prejudice so that they can be re-filed in state court. *See Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999). The Court notes that any dispute as to the Court's subject matter jurisdiction should have been raised in the beginning on a motion to remand, not now on a Rule 59(e) motion.

Turning to the arrest warrant, Hegwood asserts that someone faked the warrant for retail theft that led to his arrest by the Berwyn police that underlies this case. Hegwood attaches to his motion his October 29, 2010 letter to Judge Marcus Salone of the Circuit Court of Cook County. In it, Hegwood asserts that someone forged Judge Salone's signature on the warrant. Hegwood asserts that because the warrant was fake, his arrest was unlawful and the Court should amend its judgment. Hegwood offers no basis to amend the judgment. As an initial matter, this is not new evidence. The Court addressed this issue in detail in its September 2 opinion. (*See* Doc. 141 at 16.) Moreover, Hegwood has not identified any mistake of fact or law. As stated in that order, Hegwood offered no admissible evidence at summary judgment that the warrant was fake. In any event, even if the warrant was infirm in some way, the officers that arrested Hegwood heard about the warrant over the radio and had probable cause to arrest Hegwood. (*Id.* citing *Juriss v. McGowan*, 957 F.2d 345, 350 (7th Cir. 1992) (noting the rule that an outstanding warrant provides probable cause for an arrest applies "even if the arrest warrant is later determined to have an inadequate factual foundation.") In short, the arresting officers were entitled to rely on the facially valid warrant and the warrant check they ran over the radio. The other issues raised in Hegwood's motion (including his failure to respond to Defendants' Local Rule 56.1 statements) were discussed in detail in the Court's September 2 opinion.[2]

| STATEMENT |
|---|

### B. IFP Motion

Next, Hegwood requests that the Court permit him to appeal the Court's ruling without paying the associated fees. Federal Rule of Appellate Procedure 24 requires a party to proceed IFP on appeal to attach an affidavit that shows (1) that the party cannot pay the filing fee; (2) "clams an entitlement to redress;" and (3) "states the issues that the party intends to present on appeal." The Court first notes that it denied Hegwood's IFP application in the instant case because Berwyn paid the filing fees when it removed the case. In his motion, Hegwood lists issues he intends to appeal and claims an entitlement to relief. Hegwood, who is currently incarcerated, also attaches a statement indicating that he has close to $1200 in his prison trust account as of February 1, 2011, and that he receives an income of $14.53 per month into that account. Based on these representations, the Court will permit Hegwood to proceed IFP on appeal.

## III. CONCLUSION

For the foregoing reasons, Hegwood's motion to alter or amend the judgment (Doc. 144) is denied and his motion to proceed IFP on appeal (Doc. 147) is granted.

---

1. Hegwood asserts, in passing, that the Court should have appointed him an attorney to assist him because he is ill. The Court appointed attorneys Jared Kosoglad and John O'Brien to represent him; the Court allowed those attorneys to withdraw due to irreconcilable differences with Hegwood, and in that motion his attorneys represented that Hegwood felt "he would be better served representing himself." (Doc. 82.) The Court denied his subsequent motion for appointment of counsel because Hegwood demonstrated that he could represent himself. (*See* Doc. 106.)

2. Hegwood asserts that a court docket presented by Berwyn at summary judgment is not authentic because it does not look like a "real Court Docket." (Doc 144 at 4.) Though Hegwood asserts that the court docket is not what he believes a court docket should look like, any dispute as to its authenticity should have been raised on summary judgment, not a Rule 59(e) motion.